IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IVY FEATHERSTONE,
        Plaintiff,

v.                                       Case No. 2:06-CV-111
                                           JUDGE EDMUND A. SARGUS, JR.
                                           Magistrate Judge Mark R. Abel

TERRY BOYD, et al.,
        Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of the Defendants' Motion for Summary Judgment (Doc. #9) and the Plaintiff's Motion for Judgment on the Pleadings (Doc. #11). For the reasons that follow, the Defendants' motion is granted and the Plaintiff's motion is denied.

**I.**

Plaintiff, Ivy Featherstone ["Plaintiff"], brings this action for alleged violation of the First Amendment to the United States Constitution. Plaintiff is proceeding without the assistance of counsel. The Defendants in this action are the Columbus City School District Board of Education and its President, Terry Boyd. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff claims that, on or about February 7, 2006, he attempted to speak during a School Board meeting but, after only twenty seconds, was removed from the podium by a "plain clothes police officer," at the direction of Defendant Boyd. According to Plaintiff, Defendant Boyd "did not like what Plaintiff was saying." (*Complaint* at 2).

The Board of Education Policy, No. 9311.1, provides "an opportunity for members of the public to address the Board during designated 'public participation' portions of Board meetings." (*Affidavit of Dr. Boyd* at ¶ 5). Defendant Boyd avers that there are two components to public participation: (1) specific action items on the agenda; and (2) non-agenda items. (*Id.* at ¶¶ 6-8). Prior to the start of the board meeting, those who desire to speak are to register in advance on a sign-up sheet. Ms. Carol Harper, a school board employee, was responsible for registering members of the public who desired to speak. With respect to the meeting at issue in this case, Harper avers:

> A meeting of the Columbus Board of Education was scheduled to begin at 3:00 p.m. Tuesday, February 7, 2006 in the Assembly Room of the Columbus Education Center, 270 East State Street, Columbus, Ohio. As is the case before all Board meetings, I sat at a table by the entrance to the Assembly Room for the purpose of registering individuals who wished to address the Board. I asked registrants, including Mr. Featherstone, for the information requested in the "Columbus Public Schools - Board of Education Meetings Public Participation on Action Items Sign-In Form." Mr. Featherstone provided the information necessary to fill out the form. Among other things, he stated that he wished to address the Board on "Action Item #1" "Board Correction." I placed the information he gave me on the form, which I then presented to Mr. Featherstone for his signature. Mr. Featherstone signed the form . . . .

(*Harper Affidavit* at ¶ 4).

The "Board Correction" referenced by Plaintiff refers to "Board resolutions that correct typographical errors and omissions in resolutions previously passed by the Board." (*Boyd Affidavit* at ¶ 11). The agenda for the February 7, 2006 meeting contained three Board Corrections for Action Item #11: "corrections of (1) the accounting code for a construction contract awarded to K&W Roofing, Inc.; (2) the amount of supplemental funds being given the District by the State Department, Office of Exceptional Children; and (3) the amount of funds

2

bequeathed to the District by the Estate of James Bluhm." (*Id.*). Boyd avers as follows with respect to Plaintiff's participation at the meeting:

> I recognized Mr. Featherstone during the meeting for the purpose speaking about Board Corrections. Mr. Featherstone began his presentation by stating: "Before Bill Moss made the transition, I asked him a question. What is the definition of insanity? He told me to look in the dictionary and I did. And it said, the Columbus Public School Board. Crazy. Stupid. Disorganized. Liars. Thieves. A mess."
>
> At that point, I asked Mr. Featherstone what he was speaking on. He replied that "What you just said, Board Corrections. Yeah, I'm trying to make a correction here." But as indicated in the attached video and audio tapes, Mr. Featherstone refused to address the specific Board Corrections that were part of the agenda and scheduled to be voted on by the Board. Specifically, he never spoke concerning the accounting code for a construction contract awarded to K&W Roofing, Inc., the amount of supplemental funds being given the District by the State Department, Office of Exceptional Children, or the amount of funds bequeathed to the District by the Estate of James Bluhm.
>
> I warned Mr. Featherstone, but he refused to speak to the specific matters that comprised the action item entitled Board Corrections. Mr. Featherstone argued loudly with me, interfering with the conduct and decorum of the meeting.
>
> Because Mr. Featherstone would not address his topic or cease speaking, I directed security officers to escort Mr. Featherstone from the premises. Mr. Featherstone loudly resisted their efforts to remove him.
>
> Jerry Doyle also spoke at the action items portion of the public participation segment of the February 7, 2006 Board meeting. He also failed to confine his remarks to an action item on the Board agenda. I instructed security officers to remove him from the premises. Unlike Mr. Featherstone, Mr. Doyle did not resist the security officers as they escorted him from the podium or disrupt the meeting after my direction to the security officers. Accordingly, he was not removed from the building.
>
> Neither I nor the Board of Education wish to prevent Mr. Featherstone from attending Board of Education meetings or from speaking during the public participation segments of those meetings so long as he adheres [to] Board policies concerning public participation.

(*Boyd Affidavit* at ¶¶ 13-20).

In opposing the Defendants' motion and in moving for judgment on the pleadings, Plaintiff argues that he was prevented from speaking because of the content of his speech. Plaintiff also complains that the audio tape of the board meeting did not include the public participation portion of the meeting. With respect to this latter issue, Defendants' counsel represents that, although Plaintiff was initially provided with a deficient audio tape, the error was remedied and Plaintiff was provided with a complete audio tape. (*Reply Memorandum* at 2).

With these facts in mind, the Court considers Defendants' Motion for Summary Judgment.

## II.

The procedure for considering whether summary judgment is appropriate, is found in Fed. R. Civ. P. 56(c); this section provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that

4

party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also, Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

The United States Court of Appeals for the Sixth Circuit has recognized that *Liberty Lobby, Celotex,* and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in *Street* identifies a number of important principles in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

In addition, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than a mere scintilla of evidence in order to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita*, 475 U.S. at 586). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* That is, the nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

### III.

In moving for summary judgment, the Defendants argue that the policy regarding public participation at Board of Education meetings constitutes a valid time, place and manner restriction for purposes of the First Amendment. The Defendants note that Plaintiff has already challenged the Board's policy limiting discussion to agenda items in this Court. In *Featherstone v. Columbus City School Dist. Bd. of Educ.*, No. 2:01-CV-1220, Judge Holschuh concluded that "the Board was free to limit discussion during the public participation period to items listed on the meeting's agenda . . . ." (Case no. 01-1220, Doc. #29 at 10). In reaching this conclusion, the court relied on the Ninth Circuit decision in *White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990). There, the court stated:

> In dealing with agenda items, the [city] council does not violate the First Amendment when it restricts public speakers to the subject at hand. While a speaker may not be stopped from speaking because the moderator disagrees with the viewpoint he is expressing, *see Perry Educ. Ass'n. v. Perry Local Educators' Ass'n*, 460 U.S. 37, 60-61 (1983) (Brennan, J., dissenting), it certainly may stop him if his speech becomes irrelevant or repetitious.

Judge Holschuh's decision was affirmed by the Sixth Circuit. There, the court held:

> A school board meeting, when opened to the public, is a limited public forum for discussion of subjects relating to the operation of the schools. *See City of Madison Joint Sch. Dist. No. 8 v. Wis. Employment Relations Comm'n*, 429 U.S. 167, 175-76 (1976). When a school board sits publicly to conduct public business and to hear the views of citizens, it may not discriminate among speakers on the basis of the content of their speech, although it may confine its meetings to specified subject matter. *Id.* Furthermore, the government may place limitations on the time, place and manner of access to such forums, so long as the restrictions are content neutral and narrowly tailored to serve a significant governmental interest. *See Perry Educ. Ass'n v. Perry Local Educatiors' Ass'n*, 460 U.S. 37, 45-46 (1983).

*Featherstone v. Columbus City School Dist. Bd. of Educ.*, No. 03-4039, slip op. at 5 (6th Cir.

2004).

In this case, there are no material facts in dispute. Further, it is clear that the City of Columbus School District Board of Education rules as to speech during the public participation portion of meetings constitute reasonable time, place and manner restrictions for purposes of the First Amendment. Although Plaintiff indicated that he desired to speak on the agenda topic of Board Corrections, it is undisputed that Plaintiff's speech did not in fact pertain to the topic. Although Plaintiff takes issue with the fact that he was interrupted, the Court finds no violation of the First Amendment in this regard. As noted by the Ninth Circuit in *White v. City of Norwalk, supra*, the First Amendment is not violated when speech is restricted to the subject matter at hand. Further, speech may be interrupted if the speech becomes irrelevant or repetitious. 900 F.2d at 1425.

In sum, the Court concludes that the Defendants are entitled to summary judgment on Plaintiff's claim. The Plaintiff's motion for judgment on the pleadings is without merit.

### IV.

The Defendants' Motion for Summary Judgment (**Doc. #9**) is **GRANTED**. Plaintiff's Motion for Judgment on the Pleadings (**Doc. #11**) is **DENIED**. Plaintiffs Motions *in limine* (**Doc. #20 and #21**) are **DENIED**. The Clerk is **DIRECTED** to enter Judgment in favor of Defendants and to close this case.

**IT IS SO ORDERED.**

3-21-2007
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**